Wilde J.
delivered the opinion of the Court. We give no opinion as to the validity of the marriage in the State of Connecticut. A similar question has been reserved for our consideration in another county ;[1] and this case may be decided without touching that question. For, admitting the *143 second marriage to be illegal and void, we are nevertheless of opinion, that this indictment cannot be supported. The facts found by the special verdict do not constitute the crime of adultery. By the divorce, the first marriage was dissolved, and, but for the second section of the act of 1784, c. 40, the second marriage would have been lawful by our laws, as well as by the laws of Connecticut. Notwithstanding the restraints imposed on the husband, he being the guilty cause of the divorce, the dissolution of the marriage contract was total, and not partial, as contended for by the Solicitor-General.[1]
The defendant should have been indicted on the second section of the act referred to ; and the second marriage, with all the other facts, constituting the crime of polygamy, should have been set forth in the indictment, so that the defendant might have been prepared to answer and defend himself. On this indictment proof of an act of adultery committed before the divorce would have been admissible, for the time laid in the indictment is not material. A conviction of the crime of adultery could not be pleaded to an indictment for polygamy. We must distinguish between these offences. By the law of England, polygamy is made a capital felony, while adultery is treated only as a private injury, except so far as it is subjected to the feeble restraints of the spiritual court. This is certainly carrying matters to extremes. By our laws, the punishment of each offence is nearly the same, but there is a range for the discretion of the Court. It is sufficient, however, that the offences are distinct, however they may be punishable And, as the offence proved was not properly described m the indictment, the defendant must be discharged.

 In the case of The Inhabitants of West Cambridge v. The Inhabitants of Lexington, determined at October term 1823, in Middlesex, post, 506.

 See Putnam v. Putnam, 8 Pick 433.